# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32625**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Tucker L. BINEGAR**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 10 March 2021

———————————

*Military Judge:* Matthew D. Talcott.

*Sentence:* Sentence adjudged on 11 June 2019 by SpCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 4 October 2019: Bad-conduct discharge, confinement for 120 days, reduction to E-1, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF; Major David A. Schiavone, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire; Deniz Gunaydin (civilian intern).[1]

Before J. JOHNSON, LEWIS, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Chief Judge J. JOHNSON joined. Senior Judge LEWIS filed a separate dissenting opinion.

———————————

---

[1] Mr. Gunaydin was at all times supervised by attorneys admitted to practice before this court.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

CADOTTE, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of conspiracy to possess lysergic acid diethylamide (LSD) in violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 881,[2] and one specification each of wrongful use of cocaine on divers occasions, wrongful use of LSD on divers occasions, and wrongful possession of LSD in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[3] With the exception of the wrongful use of LSD specification, the specifications pertained to offenses committed in 2018. The wrongful use of LSD spanned 2016 through 2018. The military judge sentenced Appellant to a bad-conduct discharge, confinement for five months, reduction to the grade of E-1, and a reprimand. On 27 September 2019, the convening authority signed a "Decision on Action" memorandum in which he took some action on the sentence by reducing confinement to 120 days pursuant to the PTA and specified a reprimand.[4] In addition, he partially waived automatic forfeitures at Appellant's request for the benefit of his dependent child.[5]

Appellant's case was submitted with one assignment of error: that Appellant was materially prejudiced by the Government's failure to serve Appellant with a copy of the record of trial (ROT). Although not raised by Appellant, we also address an error in the post-trial processing of Appellant's court-martial: whether the convening authority failed to take action on the sentence as required by Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar.

---

[2] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise specified, all other references to the UCMJ and all references to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant entered a plea of not guilty to a specification of wrongful distribution of LSD in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The specification was withdrawn and dismissed pursuant to the PTA.

[4] Pursuant to the PTA there were no other limitations as to the sentence the convening authority could approve. We note the convening authority previously issued a "Decision on Action" memorandum on 13 August 2019 which we discuss in our decision.

[5] The convening authority waived $300.00 pay per month of the automatic forfeitures for a period of six months, release from confinement, or the last day Appellant was otherwise entitled to pay and allowances, whichever was sooner. The effective date of the waiver was 25 June 2019, which was 14 days after the sentence was adjudged.

2018), and Article 60, UCMJ, 10 U.S.C. § 860. We conclude the convening authority did err and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is required. We defer completion of our Article 66, UCMJ, review until the record is returned to this court. 10 U.S.C. § 866.

## I. BACKGROUND

The specifications in this case were referred on 12 April 2019. Pursuant to his pleas, Appellant was found guilty of four specifications stemming from his illegal drug activity. Appellant conspired with Senior Airman (SrA) TE to possess LSD by purchasing it via the Internet. Appellant searched the "Dark Web" with SrA TE to find a source to purchase LSD, ultimately ordering a vial of liquid LSD from a website for $400.00. Appellant received the LSD from the online source and wrongfully possessed it and stored it in a refrigerator in his home. Appellant also wrongfully used LSD "on more than 10, but less than 20 separate occasions" between 1 December 2016 and 30 November 2018. Finally, Appellant used cocaine on as many as four occasions between 1 October 2018 and 30 November 2018. Appellant's court-martial was held on 11 June 2019.

After adjournment, on 21 June 2019 Appellant submitted a request for clemency in which he requested the convening authority "reduce the amount of confinement."[6] Also on 21 June 2019, Appellant submitted a separate request to the convening authority to defer his reduction in grade and waive automatic forfeitures for a period of six months for the benefit of his child. On 1 August 2019, the convening authority signed a memorandum denying Appellant's deferment request and granting, in part, Appellant's waiver request.[7]

---

[6] Trial defense counsel's separate clemency memorandum to the convening authority highlighted that confinement would be reduced to 120 days pursuant to the PTA. After acknowledging the reduction of confinement as a result of the PTA, the trial defense counsel further requested the convening authority "reduce [Appellant's] sentence of confinement" for "appalling" confinement conditions.

[7] The entry of judgment includes the request for deferment of reduction in grade; however, the entry of judgment erroneously states "[n]o action was taken on this request." We also note the convening authority did not provide reasons for his denial of the deferment request. Our superior court previously held convening authority denials of deferment requests shall be in writing and are reviewed for an abuse of discretion. *United States v. Sloan*, 35 M.J. 4, 6 (C.M.A. 1992) (citing R.C.M. 1101(c)(3)), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018). Our court recently granted relief for a *Sloan* error in *United States v. Frantz*, No. ACM 39657, 2020 CCA LEXIS 404, at *42 (A.F. Ct. Crim. App. 10 Nov. 2020) (unpub. op.). However, our court has not addressed *Sloan* in relation to cases referred after 1 January 2019. *See*

After reviewing Appellant's clemency request and consulting with his staff judge advocate, the convening authority signed a "Decision on Action" memorandum, dated 13 August 2019. In the memorandum, the convening authority stated: "I hereby take no action on the findings in this case," and "I hereby take the following action on the sentence . . . ." Thereafter, the convening authority included the partially approved waiver of forfeitures and the language of the reprimand. No other aspects of the adjudged sentence were addressed in this "Decision on Action" memorandum.[8] Then on 27 September 2019, the convening authority issued a second "Decision on Action" memorandum which replaced the previous "Decision on Action" memorandum issued on 13 August 2019.[9] The second "Decision on Action" memorandum reflects the same actions as the first with the exception that the convening authority also took action on the confinement portion of the sentence, stating: "The confinement is reduced from 5 months to 120 days." The memorandum contained no further approval, disapproval, commutation, or suspension of the other elements of the sentence. On 4 October 2019, the military judge signed the entry of judgment, setting out the sentence as well as the terms of the forfeiture waiver.[10] To complicate matters, the military judge failed to list the 27 September 2019 "Decision on Action" memorandum as an attachment to the entry of judgment.

## II. DISCUSSION

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Interpretation of a statute and a Rule for Courts-Martial (R.C.M.) are also questions of law we review de novo. *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

---

Article 57(b), UCMJ, 10 U.S.C. § 857(b); R.C.M. 1103. The parties have not addressed this issue and we defer further consideration until this case is returned.

[8] The convening authority failed to address the term of the PTA which required him to "not approve any amount of confinement over 120 days."

[9] The record of trial contains two versions of the 13 August 2019 "Decision on Action" memorandum. One version references an attachment—"Convening Authority Decision on Action, dated 27 September 2019" —which is clearly erroneous because the 27 September 2019 "Decision on Action" memorandum was not in existence at the time the 13 August 2019 memorandum was signed. The other version correctly omits the 27 September 2019 "Decision on Action" memorandum as an attachment.

[10] The entry of judgment erroneously states no action was taken on Appellant's request for deferment of reduction in grade, which the convening authority denied. The convening authority approved a partial waiver of automatic forfeitures.

Executive Order 13,825, § 6(b), requires that the version of Article 60, UCMJ,

> in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60: (1) requires action by the convening authority on the sentence; . . . or (5) authorizes the convening authority to approve, disapprove, commute, or suspend a sentence in whole or in part.

*See* 2018 Amendments to the *Manual for Courts-Martial, United States*, 83 Fed. Reg. at 9890. The version of Article 60, UCMJ, in effect in 2016—the year in which the earliest of Appellant's convicted offenses occurred—stated "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority or by another person authorized to act under this section." 10 U.S.C. § 860(c)(2)(A) (emphasis added); *see also United States v. Perez*, 66 M.J. 164, 165 (C.A.A.F. 2008) (per curiam) ("[T]he convening authority is required to take action on the sentence . . . ."). Article 60(c)(2)(B), UCMJ, further stated: "Except as [otherwise] provided . . . the convening authority . . . may approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part." 10 U.S.C. § 860(c)(2)(B). The convening authority's action is required to be "clear and unambiguous." *United States v. Politte*, 63 M.J. 24, 26 (C.A.A.F. 2006) (citation omitted).

This court addressed a similar situation in its en banc decision in *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.). In *Aumont*, the convening authority signed a memorandum stating that he took "no action" on the findings or sentence in a case involving offenses occurring prior to 1 January 2019. *Id.* at *19. *Aumont* resulted in four separate opinions, reflecting four distinct positions among the judges on this court as to whether the convening authority's statement that he took no action was erroneous and, if so, whether remand for correction was required. *Id.* (*passim*). A majority of judges in *Aumont*—six of the ten judges—concluded the convening authority erred; four of those six judges found the error required remand for corrective action without testing for prejudice, *id.* at *89 (J. Johnson, C.J., concurring in part and dissenting in part), and the other two determined that while there was "plain and obvious" error, they found "no colorable showing of possible prejudice" to the appellant. *Id.* at *32–33 (Lewis, S.J., concurring in part and in the result).

We recognize that panels of this court composed of other judges have applied different reasoning in other cases, before and after *Aumont* was issued. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.); *United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub.

op.); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.); *cf. United States v. Coffman*, 79 M.J. 820, 824 (A. Ct. Crim. App. 2020) (finding the convening authority's failure to take action was harmless error). Nevertheless, we continue to adhere to the view that—in situations where the convening authority fails to take action on the sentence as required by Executive Order 13,825 and the pre-1 January 2019 version of Article 60, UCMJ—the convening authority has erred. This includes the convening authority's failure to take action on the entire sentence, which also fails to satisfy the requirement of the applicable Article 60, UCMJ. *See United States v. Lopez*, No. ACM S32597, 2020 CCA LEXIS 439, at *11 (A.F. Ct. Crim. App. 8 Dec. 2020) (unpub. op.).

The charges and specifications here were referred for trial after 1 January 2019; therefore, the Rules for Courts-Martial that went into effect on 1 January 2019 were generally applicable to the post-trial processing of Appellant's case. *See* Executive Order 13,825, § 2, 83 Fed. Reg. at 9889. However, the earliest date of an offense of which Appellant was convicted is 1 December 2016. Therefore, in accordance with Executive Order 13,825, § 6, the version of Article 60, UCMJ, in effect prior to 1 January 2019 applied to the convening authority to the extent that it required him to take action on the sentence. 83 Fed. Reg. at 9890. Before 1 January 2019, Article 60, UCMJ, required the convening authority to take action on the sentence in every case.

The convening authority's final "Decision on Action" memorandum indicated that he took action specifically to reduce Appellant's term of confinement and specified a reprimand; but it did not state any further approval, disapproval, commutation, or suspension of the other elements of the sentence. Appellant's case is similar to *Lopez* in that the convening authority took some action on the sentence. However, the convening authority was silent as to approval of other aspects of the sentence, and thereby failed to take action on the sentence in its entirety. As in *Lopez*, we conclude the convening authority's failure to take action on the entire sentence fails to satisfy the Article 60, UCMJ (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)), requirement. As was required for cases referred prior to 1 January 2019, the convening authority must explicitly state his approval or disapproval of the sentence. *See United States v. Wilson*, 65 M.J. 140, 141 (C.A.A.F. 2007) (citing R.C.M. 1107(d)(1)). "If only part of the sentence is approved, the action shall state which parts are approved." *Id.* (quoting R.C.M. 1107(f)(4)(A)).

We conclude the convening authority's failure to take action on the entire sentence fails to satisfy the Article 60, UCMJ (2016 *MCM*), requirement. In this case, the convening authority's action was incomplete and ambiguous at best, and therefore deficient. *See Politte*, 63 M.J. at 26. For the reasons set forth in the opinion of the court in *Lopez,* we find the record should be remanded to

the Chief Trial Judge, Air Force Trial Judiciary, to resolve the error. *See* Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3).

### III. CONCLUSION

This case is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the convening authority's decision memorandum, as the action taken on Appellant's adjudged sentence was ambiguous and incomplete.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding consistent with Rule 29(b)(2) of the Joint Rules for Appellate Procedure for Courts of Criminal Appeals. JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge may:

(1) Correct the Statement of Trial Results;[11]

(2) Return the record of trial to the convening authority or his successor to take action on the sentence;

(3) Conduct one or more Article 66(f)(3), UCMJ, proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions;

(4) Correct or modify the entry of judgment; and/or

(5) Ensure Appellant is provided a copy of the certified ROT pursuant to Article 54(d), UCMJ, 10 U.S.C. § 854(d), and Rule for Courts-Martial 1112(e)(1)(A).

Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

LEWIS, Senior Judge (dissenting):

I respectfully disagree with my esteemed colleagues who conclude the convening authority's action was incomplete and ambiguous, at best, and deficient given Executive Order 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (8 Mar. 2018), and Article 60, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)). Therefore, I dissent.

---

[11] The Statement of Trial Results failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has not claimed prejudice and we find none. *See United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

Appellant raises no error and claims no prejudice from the convening authority's failure to "approve" each component of the sentence listed in the entry of judgment (EoJ). I adhere to the approach I have used in prior cases including *United States v. Aumont*, No. ACM 39673, 2020 CCA LEXIS 416, at *29–37 (A.F. Ct. Crim. App. 20 Nov. 2020) (en banc) (unpub. op.) (Lewis, S.J., concurring in part and in the result); *United States v. Finco*, No. ACM S32603, 2020 CCA LEXIS 246, at *13–16 (A.F. Ct. Crim. App. 27 Jul. 2020) (unpub. op.). I can discern no colorable showing of possible prejudice to Appellant.

This case is somewhat unique in that the convening authority took action on the sentence twice using a "Decision on Action" memorandum. The first memorandum was dated 13 August 2019 and the second one was dated 27 September 2019. The second memorandum is most important as it "replaces" the first, but both are attached to the EoJ. In the second memorandum, the convening authority stated "I hereby take the following actions on the sentence" before listing three specific decisions that were made. First, the convening authority "reduced" the confinement from 5 months to 120 days to comply with the pretrial agreement (PTA). Second, the convening authority repeated the prior written decisions that were made on 1 August 2019 on Appellant's deferment of reduction in grade and deferment of mandatory forfeitures (both denied) and waiver of mandatory forfeitures (granted in part). Third, and finally, the convening authority imposed a reprimand and included its language.

There are two portions of the sentence that the convening authority did not explicitly address in the second memorandum: the bad-conduct discharge and the reduction to the grade of E-1. Regarding the bad-conduct discharge, the convening authority directed that Appellant be placed on appellate leave pursuant to Article 76a, UCMJ, 10 U.S.C. § 876a (*Manual for Courts-Martial, United States* (2019 ed.) (2019 *MCM*)). This direction is consistent with Appellant having an unsuspended bad-conduct discharge and provides some support that the convening authority implicitly meant to approve the bad-conduct discharge. Additionally, given the dates of the charged offenses, the convening authority had no power to disapprove, commute, or suspend the bad-conduct discharge. 10 U.S.C. § 860(c)(4)(A) (2016 *MCM*). Finally, Appellant conceded a bad-conduct discharge was an appropriate punishment during sentencing proceedings and the military judge conducted the proper inquiry with Appellant on this matter. On the reduction to the grade of E-1, there was no implicit approval by the convening authority of this portion of the sentence. However, Appellant also never made a clemency request asking the convening authority to disapprove, commute, or suspend the reduction in grade. While Appellant had earlier requested that the reduction in grade be deferred until the EoJ was signed, the convening authority had already denied that request in writing.

In my view, Appellant forfeited, absent plain error, the issue of whether the second memorandum was incomplete, irregular, or contained error when no

post-trial motion was filed by trial defense counsel five days after receipt of the second memorandum. *See* Rule for Courts-Martial (R.C.M.) 1104(b)(2)(B) (2019 *MCM*). To prevail under a plain error analysis, Appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *See United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (quoting *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). I would apply the threshold of "some colorable showing of possible prejudice" as the appropriate standard for an error impacting an appellant's request for clemency under the current post-trial processing system. *See, e.g.*, *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *14–15 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.) (quoting *LeBlanc*, 74 M.J. at 660).

Applying the plain error standard of review, even if I assume without deciding that there was error when the convening authority did not approve each component of the sentence listed in the EoJ and that this error was plain or obvious, I see no colorable showing of possible prejudice to Appellant. In cases like *Cruspero* and *Finco* a colorable showing was "apparent" because we were "unsure" whether the convening authority made a decision on a clemency request that could be granted. *Cruspero*, unpub. op. at *15; *Finco*, unpub. op. at *16. Here, I am certain that the convening authority reviewed Appellant's clemency submission and made decisions on each of Appellant's clemency requests. Specifically, the convening authority denied the requests to defer mandatory forfeitures and defer the reduction in grade. Then, the convening authority granted in part the clemency request to waive mandatory forfeitures. Finally, the convening authority reduced the confinement term to comply with the PTA, but did not further reduce the confinement term thereby denying Appellant's clemency request. Under these circumstances, I am confident the EoJ correctly reflects the adjudged sentence as modified by the post-trial decisions the convening authority made on the sentence.

Regarding the assignment of error, it appears to me that there is a legitimate question of whether the Government complied with Article 54(d), UCMJ, 10 U.S.C. § 854(d) and R.C.M. 1112(e) (2019 *MCM*). The majority opinion wisely allows the military judge, on remand, to ensure that Appellant is given a certified copy of the record of trial; such action would appear to moot the assignment of error. Additionally, if the military judge takes this step during remand it will ensure the Government has provided Appellant what is needed

to personally raise issues before our court, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), before we conduct further appellate review.


FOR THE COURT

CAROL K. JOYCE
Clerk of the Court